UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ELAINE GIBNEY,<br><br>　　　　　　Defendant. | CASE NO. C14-5969 BHS<br>　　　　　C14-5970BHS<br><br>ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL |

　　This matter comes before the Court on Defendant Elaine Gibney's ("Gibney") motions for a court appointed counsel (C14-5969, Dkt. 11 & C14-5970, Dkt. 10).

　　On December 30, 2014, Gibney filed the instant motions requesting that the court appoint her counsel in these forfeiture proceedings because she is unable to afford counsel. *Id*. Although a court, under 28 U.S.C. § 1915(e), can request counsel to represent a party, the court may do so only in exceptional circumstances. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of

ORDER - 1

the party to articulate her claims *pro se* in light of the complexity of the legal issues involved. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In this case, the Court is unable to conclude that exceptional circumstances exist to appoint counsel to represent Gibney. In her letter, Gibney states that her claims and/or defenses are more equitable in nature rather than being legal in nature. She asserts that the funds that the Government is attempting to seize are essential sources of income and that she is diligently striving to make her restitution payments. These are not complex claims and Gibney has filed detailed financial documents for the Court's consideration. Therefore, the Court **DENIES** Gibney's motions for appointment of counsel.

**IT IS SO ORDERED.**

Dated this 3rd day of February, 2015.

_____
BENJAMIN H. SETTLE
United States District Judge